**R.L. POLK & CO., a Delaware corporation, Plaintiff–Appellee,**

v.

**INFOUSA, INCORPORATED, Defendant–Appellant.**

No. 02–2452.

United States Court of Appeals, Sixth Circuit.

April 8, 2004.

Ernest R. Bazzana, Mary Massaron Ross, Plunkett & Cooney, Detroit, MI, Michael J. Barton, Plunkett & Cooney, Bloomfield Hills, MI, for Plaintiff–Appellee.

Robert J. Franzinger, Jill M. Wheaton, Dykema Gossett, Detroit, MI, Matthew L. Woods, Ethan C. Glass, Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, for Defendant–Appellant.

Before KENNEDY, ROGERS, and COOK, Circuit Judges.

Rogers, Circuit Judge.

R.L. Polk & Co. ("R.L. Polk") sold its rights to the trademark "Polk City Directory" and the accompanying business to Equifax, Inc. while retaining separate trademark rights to "Polk" for its remaining automotive data business. Equifax, in turn, sold the "Polk City Directory" mark

and business to *info*USA. *info*USA began to expand its use of the word "Polk" in conjunction with the city directory business. In response, R.L. Polk brought a trademark infringement suit against *info*USA claiming that *info*USA infringed upon its "Polk" trademark.

The district court granted R.L. Polk a preliminary injunction after concluding that R.L. Polk had demonstrated a likelihood of success on the merits, that R.L. Polk would be irreparably injured without a preliminary injunction, that the balance of harms favored R.L. Polk, and that the public interest would be best served by upholding R.L. Polk's trademark. Specifically, when determining the likelihood of success, the district court determined that R.L. Polk had demonstrated a likelihood of confusion between R.L. Polk's "Polk" mark and *info*USA's use of variations of "Polk City Directory."[1] *R.L. Polk & Co. v. IN-FOUSA, Inc.,* 230 F.Supp.2d 780 (E.D.Mich.2002.). This conclusion was based on an analysis of the eight factors set forth in *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center,* 109 F.3d 275, 280 (6th Cir.1997). Of those eight factors, the district court found that five of the factors–the strength of R.L. Polk's mark, the relatedness of the goods, the similarity of the marks, the likelihood of purchaser care, and *info* USA's intent–all favored R.L. Polk, while the other three factors–evidence of actual confusion, the marketing channels used, and the likelihood of expansion of product lines–did not weight strongly against R.L. Polk. The district court found that R.L. Polk had therefore established a likelihood of success on the merits. The district court also found that a balance of the interests of the plaintiff, the defendant, and the public weighed in favor of the plaintiff. The district court accordingly granted the preliminary injunction.

The district court issued a stay to resolve security issues pursuant to Federal Rule of Civil Procedure 65(c). The stay was lifted thirty days after the district court's decision to let the preliminary injunction take effect. On appeal, *info* USA argues principally that the district court erred in its conclusion that R.L. Polk demonstrated either a likelihood of success on the merits or irreparable injury.

Having had the benefit of oral argument and having studied the record on appeal, the briefs of the parties, and the applicable law, we are persuaded that the district court was correct in its determination that a preliminary injunction was proper in this case. While we might have given a particular factor marginally more or less weight than did the district court, our conclusion is ultimately the same as the district court's because, on balance, R.L. Polk made the requisite showings for the issuance of a preliminary injunction. Given that the reasoning which supports these determinations by the district court has been adequately articulated in that court's opinion, the issuance of a further detailed written opinion by this court would be largely duplicative and serve no useful purpose. *See R.L. Polk & Co. v. INFOU-SA, Inc.,* 230 F.Supp.2d 780 (E.D.Mich. 2002.). Accordingly, we AFFIRM the judgment of the district court based upon the reasoning set out in the district court's memorandum opinion and order dated November 7, 2002.

---

1. *Info*USA began changing "Polk City Directory" to "Polk Directories," using "Polk" alone on the front of a catalog, setting up and marketing the domain name www. MrPolk.com and the email address customer.service@MrPolk.com, and publicizing the number 1–800–ASK–POLK.